DISBROW and BALDWIN, overseers of the poor, *vs.* SAUNDERS.

The provision prescribing the time during which a licence to sell liquors shall remain in force, (1 *R. S.* 679, § 5,) does not refer to the calendar year, but to the *licence year ;* and therefore a licence granted after the first Monday of May expires at the same time with those granted on that day.

ERROR to the Seneca common pleas. Disbrow and Baldwin, overseers of the poor of the town of Waterloo, sued Saunders before a justice in debt for selling strong or spirituous liquors in quantities less than five gallons at a time, without having a licence; and on the trial in December, 1843, proved the selling in repeated instances between May and December of that year. The defendant produced a licence from the commissioners of excise of the town of Waterloo to himself, to keep an inn or tavern, and to sell strong and spirituous liquors therein ; which licence was dated the 31st day of December, 1842, and by its terms was " to be and remain in force until the day after the first Monday of May next, *and no longer."* The defendant then proved by parol, though the evidence was objected to by the plaintiffs, that the licence was in fact granted and delivered to him early in January, 1843, and not in December preceding, when it bears date. In answer to this evidence the plaintiffs proved that although the licence was given in January, it was dated in December for the purpose of having it expire in May, 1843. This was talked over by the board of excise at the time the licence was granted—the defendant being present. It was further proved that the commissioners of excise, at their annual meeting in May, 1843, refused to grant any licences to sell strong or spirituous liquors in quantities less than five gallons ; and at that time the defendant took a licence as a tavern-keeper under the licence law of 1843. (*Stat.* 1843, *p.* 79.) The justice gave judgment for the defendant, which upon *certiorari* was affirmed by the common pleas. The plaintiffs now bring error.

*McAllister & Hadley,* for plaintiffs in error.

*John Knox,* for defendant in error.

*By the Court,* BRONSON, Ch. J.    The defendant seeks to jus-
tify the selling of spirituous liquors *after* May, 1843, under a
licence which, according to its terms, was to "remain in force
until the day after the first Monday of May next, [1843,] *and
no longer.*" If we look at nothing but the licence, it is not im-
portant whether we follow the actual date—December, 1842—
or consider it as taking effect in January following; for in either
case the words " May next" can only mean May, 1843.    But the
defendant refers to the statute, which provides, that the licence
" shall be in force, unless revoked, until the day after the first
Monday in May in the succeeding year." (1 *R. S.* 679, § 5.)
And this, it is said, extends the licence to May, 1844.    It is
quite evident from the case that the commissioners of excise,
with the assent of the defendant, fixed the date in December,
1842, for the very purpose of effectually limiting the continu-
ance of the licence to May, 1843, whatever might be the true
construction of the statute.    If the purpose which the parties
had in view was an illegal one, the licence was void, and the
defendant can derive no benefit from it.    On the other hand, if
the licence was ante-dated for an honest and lawful purpose,
that purpose should be carried into effect; and so in either view
of the matter the plaintiffs were entitled to judgment.

    But there is another ground on which the plaintiffs were en-
titled to recover.    I do not agree with the defendant in his con-
struction of the statute.    The commissioners of excise are re-
quired to meet in their respective towns "on the first Monday
of May *in each year,* and on such other days as the supervisor
shall appoint." (§ 2.)    They have power to grant licences, (§ 4,)
which "shall be in force, unless revoked, until the day after the
first Monday in May in the *succeeding year.*" (§ 5.)    This
does not mean the calendar, but the excise year.    The commis-
sioners are to meet annually on the first Monday in May for the
purpose of granting licences, and although other licences may
be granted at a subsequent period in the year, they are all to
expire on the day after the next annual meeting of the commis-
sioners, when there will have been an opportunity to obtain a
renewal.    On the defendant's construction of the statute, a li-

cense granted on the first day of January will continue in force a year and four months, while a licence dated only one day earlier will remain in force but four months. I cannot think that such was the intention of the legislature.

Judgments reversed.